# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **2: 05-cr-0350** |
| v. | ) | **2: 05-cr-0385** |
| | ) | **2: 11-cv-0381** |
| **WANDA SOLOMON** | ) | **2: 11-cv-0382** |

## MEMORANDUM ORDER

Presently before the Court is the MOTION TO MODIFY, REDUCE AND/OR VACATE SENTENCE PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION § 2255 filed *pro se* by Petitioner, Wanda Solomon, and the RESPONSE in opposition filed by the government. For the reasons that follow, the motion will be denied.

On August 2, 2006, the Defendant, Wanda Solomon, appeared before the Court and pled guilty to Count 1 of the Indictment filed at Criminal No. 05-350, which charged her with Conspiracy to Distribute and Possess With Intent to Distribute Cocaine and 50 Grams or More of Crack Cocaine, in violation of Title 21, United States Code, section 846, and Count 1 of the Superseding Indictment filed at Criminal No. 05-385, which charged her with Conspiracy to Distribute and Possess With Intent to Distribute 5 Kilograms or More of a Mixture and Substance Containing a Detectable Amount of Cocaine, in violation of Title 21, United States Code, section 846.

The plea agreement signed by Wanda Solomon contained a broad waiver provision wherein she gave up her right to file a direct appeal of her conviction or sentence, subject to certain exceptions not here applicable. Despite this provision, Defendant nevertheless filed a direct appeal. On June 1, 2009, the United States Court of Appeals for the Third Circuit denied

the appeal, issuing an opinion which enforced the appellate waiver and affirming the judgment of the District Court. The appellate court stated:

> It is well-established law that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement. An appeal of a denial of a motion to withdraw a guilty plea constitutes a challenge to a defendant's conviction that falls within the plain language of an appellate waiver provision. We find her waiver of appellate rights enforceable. The language of the plea agreement is clear as to its purpose and effect. *See United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007). Solomon did not enter a conditional plea pursuant to FED.R.CRIM.P. 11(a)(2) nor did she identify any issues she wanted preserved for appeal. Solomon signed the agreement, acknowledging that she had fully discussed it with her attorney. Solomon does not contend that her appellate waiver was unknowing or involuntary or that it works a miscarriage of justice. Indeed, her appellate brief is silent on the matter of appellate waiver. Additionally, the District Court's colloquy on the appellate waiver was a model of compliance with the requirements of FED.R.CRIM.P. 11 and reflects the District Judge's conscientious effort to ensure that the waiver was knowing and voluntary. The District Court explained that Solomon was giving up substantial appellate rights in the plea agreement, and Solomon confirmed that she understood the effect of the appellate waiver provision.

*United States v. Wanda Solomon*, Nos. 07-1973 and 07-1983, slip op. at 2-3 (3d Cir. June 1, 2009). The court of appeals issued its judgment on June 1, 2009. The time for the filing of the petition for writ of certiorari expired ninety (90) days after the entry of the judgment filed by Court of Appeals, or on or about September 1, 2009. *See Clay v. United States*, 537 U.S. 522 (2003). Defendant never filed a petition for writ of certiorari with the United States Supreme Court. Accordingly, the judgment of conviction became final on or about September 1, 2009.

Additionally, and equally critical to the disposition of the instant motion, the plea agreement also contained a provision whereby Defendant specifically waived her right to file any motion pursuant to Section 2255, or any other collateral attack upon her conviction or sentence.

At the outset, the Court finds that any claim made pursuant to Section 2255 is time-barred by the one-year period of limitations expressly set out in the sixth paragraph of Section 2255 itself. See 28 U.S.C. § 2255(f). With exceptions not applicable or alleged here, the limitations period applicable to petitions filed under Section 2255 generally starts to run on "the date on which the judgment of conviction becomes final" according to the plain language of the section. *See Clay v. United States*, 537 U.S. 522, 525 (2003). As stated *supra,* the judgment in this case became final on or about September 1, 2009. The instant motion filed pursuant to Section 2255 was filed on March 24, 2011, clearly more than six months beyond the one-year period of limitations for filing a Section 2255 motion, as the one year period expired on or about September 1, 2010.

Furthermore, Defendant offers no explanation as to why the waiver in her plea agreement should not be enforced. The Court finds that the reasoning enunciated by the Court of Appeals in its opinion which denied Defendant's direct appeal is precisely on point as to why the Court must also enforce the waiver provision in the plea agreement whereby Defendant specifically gave up her right to file any motion pursuant to Section 2255, or any other collateral attack upon her conviction or sentence.

For the above-referenced reasons, the instant Motion to Modify, Reduce and/or Vacate Sentence Pursuant to Title 28, United States Code, Section 2255 is **DENIED.** An evidentiary hearing will not be conducted as the Court finds that the record demonstrates conclusively that Defendant Wanda Solomon is not entitled to the relief requested. Further, the Court will not issue a certificate of appealability as the Court finds that Defendant has not substantially

demonstrated the denial of a constitutional right and is therefore not entitled to appellate review of this Order.

So **ORDERED** this 26th day of April, 2011.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:      Wanda Solomon
08712-068
SFF Hazleton
P.O. Box 3000
Bruceton Mills, WV 26525

Stephen R. Kaufman,
Assistant U.S. Attorney
Steve.Kaufman@usdoj.gov